IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,

                    Plaintiff,

v.

CITY OF OLATHE, et al.,                     Case No. 15-CV-4961-DDC-KGS

                    Defendants.

MEMORANDUM AND ORDER

        Plaintiff Jorel Shophar filed this *pro se* action against five defendants:  (1) the City of

Olathe ("Olathe"); (2) Safe Home of Kansas;[1] (3) Layne Project; (4) KVC Kansas; and

(5) Ashlyn Yarnell.  Although his Complaint is difficult to understand, plaintiff appears to allege,

generally, that defendants discriminated against him and violated his rights.  He asserts that a

woman named Krissy Gorski filed a false police report against him and "has used State Agencies

to conspire [in] a campaign of extortion against him."  Doc. 1-1 at 1.  He asserts that defendants

discriminated against him based on his gender and religion.  He also alleges that defendants were

negligent in failing to protect his rights and in their oversight of governmental agencies.

        The matter comes before the court on several motions.  All five defendants[2] have moved

to dismiss plaintiff's Complaint.  *See* Docs. 5, 13, 20, 45.  Plaintiff has filed a Motion for Leave

---

[1]        As explained in more detail below, plaintiff's Complaint names Safe Home of Kansas as a
defendant, but he has misidentified the entity's name.  According to this defendant, the entity's legal
name is SAFEHOME, Inc. ("SAFEHOME").  The court refers to this defendant as SAFEHOME in this
Memorandum and Order.

[2]        Layne Project filed a Notice of Joinder (Doc. 16) in defendant KVC Kansas' Motion to Dismiss
(Doc. 5).  Plaintiff filed a response to Layne Project's Notice.  *See* Doc. 31.  To the extent plaintiff's
response is construed as an objection to Layne Project's notice, the court overrules it.  The court agrees
with Layne Project that the allegations plaintiff asserts against it and defendant KVC Kansas are

to Amend the Complaint.  Doc. 24.  Defendants Olathe and Ashlyn Yarnell oppose plaintiff's request for leave to amend his Complaint because, they contend, his proposed amendments are futile.  Docs. 40, 42.[3]  Plaintiff submitted a reply (Doc. 50),[4] and the motion thus is fully briefed.

After considering the parties' arguments, the court agrees with defendants Olathe and Ms. Yarnell.  Plaintiff's proposed amendments are futile because they fail to state a claim against them.  Nevertheless, the court allows plaintiff an opportunity to file a revised Amended Complaint—one that corrects the deficiencies identified in this Memorandum and Order—within 30 days of the date of this Memorandum and Order.  The court thus grants in part and denies in part plaintiff's Motion for Leave to Amend the Complaint.

The court also denies without prejudice Olathe, Layne Project, KVC Kansas, and Ms. Yarnell's Motions to Dismiss (Docs. 5, 13, 20) because they are moot.  And the court denies SAFEHOME's Motion to Dismiss (Doc. 45) based on insufficient service of process.  The court explains the reasons for its rulings, below.

## I.     Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff attached a proposed Amended Complaint (Doc. 24-1) to his Motion for Leave to Amend.  Defendants Olathe and Ashlyn Yarnell oppose plaintiff's request for leave to file the proposed Amended Complaint.  They argue that the court should deny plaintiff's motion because the proposed amendments are futile.

---

"substantially identical" and that it may use the same arguments as KVC Kansas to refute plaintiff's claims.  The court thus permits Layne Project to join KVC Kansas' Motion to Dismiss.

[3]     Ms. Yarnell filed a Motion to Join Defendant City of Olathe's Response to Plaintiff's Motion to Amend Complaint.  Doc. 42.  Plaintiff never responded to this motion.  For purposes of judicial efficiency, the court grants Ms. Yarnell's motion to join.

[4]     Plaintiff moved for an extension of time to file his Reply (Doc. 50) and submitted his proposed reply as an exhibit to that motion (Doc. 50-1).  The court granted plaintiff's motion for extension of time (Doc. 51).  Plaintiff never filed his proposed reply as a separate docket entry.  Nevertheless, the court considers his proposed reply when deciding this motion.

The court construes plaintiff's proposed Amended Complaint liberally as it must.[5]  But, even applying the most liberal construction to plaintiff's proposed pleading, the court agrees with Olathe and Ms. Yarnell.  The proposed amendments are futile because they cannot survive a motion to dismiss the claims asserted against Olathe and Ms. Yarnell.

### A.      Legal Standard

Rule 15(a) provides that courts should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is within a court's sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ."  *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

Here, Olathe and Ms. Yarnell assert that plaintiff's proposed Amended Complaint is subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief may be granted.  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

---

[5]      The court construes the *pro se* plaintiff's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But, at the same time, the court does not assume the role of an advocate for a *pro se* litigant.  *Id.*

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

The federal pleading standard "does not require 'detailed factual allegations,'" but it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which, as the Supreme Court explained, "'will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, although the Court must assume that the factual allegations in a complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Carter*, 667 F. Supp. 2d at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### B.    Analysis

Like his original Complaint, plaintiff's proposed Amended Complaint is difficult to understand. Construing his allegations liberally, accepting them as true, and viewing them in the light most favorable to plaintiff,[6] he alleges that defendants, collectively, violated plaintiff's constitutional rights as well as various federal and state laws. The proposed Amended Complaint begins by citing several federal and Kansas statutes. Plaintiff alleges that defendants violated these statutes in various ways.

---

[6]     When deciding whether a plaintiff states a claim for relief sufficient to survive a Rule 12(b)(6) motion, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the [plaintiff]." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

Generally, plaintiff alleges that defendants prevented him from seeing or speaking to his children and precluded him from exercising his parental rights.  He also asserts that defendants submitted false and biased information to a court so that it would issue an order placing plaintiff's children in Ms. Gorski's custody.

More specifically, he alleges that Olathe discriminated against him because the Olathe Police Department accepted a false police report filed by Ms. Gorski, refused to allow plaintiff to file a police report, and failed to investigate the allegedly false allegations that Ms. Gorski made against him.  Plaintiff alleges that Ms. Yarnell was biased against him and made false statements during her appointment as a guardian ad litem.  Even when viewing the proposed Amended Complaint's allegations under the most liberal construction, the court agrees with Olathe and Ms. Yarnell:  Plaintiff's proposed Amended Complaint fails to state claims against them.  His proposed amendments thus cannot survive a Rule 12(b)(6) motion to dismiss, and are futile.

### 1.  Ms. Yarnell is Immune from Liability Against the Claims Asserted in the Proposed Amended Complaint.

In her Motion to Dismiss (Doc. 20), Ms. Yarnell asserts several reasons to dismiss plaintiff's original Complaint, including that she is immune from liability as a court-appointed guardian ad litem.  The Tenth Circuit recognizes that a guardian ad litem is entitled to quasi-judicial immunity for acts "within the core duties of a [guardian ad litem] in assisting the court—that is, in performing a 'function [ ] closely associated with the judicial process.'"  *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)).  A guardian ad litem is not immune, however, "for acts taken in the 'clear absence of all jurisdiction.'"  *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).  But an act does not fall outside a guardian ad litem's jurisdiction if it is "wrongful, even unlawful"—immunity still applies when an act "'was [taken]

in error, was done maliciously, or was in excess of . . . authority.'" *Id.* at 631 (quoting *Stump*, 435 U.S. at 356–57).

Plaintiff's proposed Amended Complaint asserts claims against Ms. Yarnell only for acts she performed in her capacity as a court-appointed guardian ad litem and in furtherance of the judicial process.  Plaintiff's allegations that Ms. Yarnell was biased against him or that she made false statements about him in court are insufficient to deprive her of immunity, even if these acts were wrongful or unlawful.  *See Dahl*, 744 F.3d at 631.  Plaintiff does not allege that Ms. Yarnell acted without jurisdiction or authority such that she is subject to liability.  Ms. Yarnell is thus immune from liability against the claims asserted in plaintiff's proposed Amended Complaint, making plaintiff's proposed amendments futile.

### 2. Plaintiff's Proposed Amended Complaint Fails to State a Plausible Claim for Relief Against Olathe and Ms. Yarnell.

Plaintiff's proposed Amended Complaint asserts that defendants have violated various state and federal statutes.  The court addresses each one, in turn, below.  As these subsections explain, none assert a plausible claim against Olathe or Ms. Yarnell.  Plaintiff's proposed amendments thus are futile because they cannot survive a motion to dismiss under Rule 12(b)(6).

### a. 42 U.S.C. § 1981

Section 1981 prohibits discrimination based on race.  *Runyon v. MacCrary*, 427 U.S. 160, 167 (1976).  The statute "does not apply to sex or religious discrimination."  *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979) (citing *Runyon*, 427 U.S. at 167 (further citations omitted)); *see also Doerge v. Crum's Enters., Inc.*, No. 05-1019-JTM, 2005 WL 2746656, at *1 (D. Kan. Oct. 11, 2005) (granting summary judgment against § 1981 claim based on sexual harassment and discrimination because § 1981 protects race-based discrimination not discrimination based on sex or gender).

Plaintiff's proposed Amended Complaint asserts discrimination "against [his] gender as a man" and "against [his] faith in the Bible and the United State[s] Church['s] beliefs in biblical laws." Doc. 24-1 at 1. Plaintiff's proposed § 1981 claim is not one based on racial discrimination. The § 1981 claim thus fails to state a claim for relief, and plaintiff's proposed amendment is futile.

### b.  42 U.S.C. § 1983

Section 1983 prohibits "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting under color of law. 42 U.S.C. § 1983. The Supreme Court has held that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs.*, 436 U.S. 690, 691 (1978). Instead, a plaintiff may sue municipalities only for their own unconstitutional policies or customs—not for acts by their employees. *Id.* at 694–95.

Thus, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove:  (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell*, 436 U.S. at 694). The Tenth Circuit has explained that "[a]n unconstitutional deprivation is caused by a municipal 'policy' if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself." *Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (citation omitted). And, the Circuit has defined a "custom" as "an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of

law." *Id.* (citation omitted).  Such a custom is marked by "'continuing, persistent and widespread'" actions by municipal employees.  *Id.* (quoting *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993)).

Plaintiff's proposed Amended Complaint fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists. This is an essential requirement for asserting a § 1983 claim against a municipality, and, without such allegations, plaintiff fails to state a claim for relief against Olathe.

Plaintiff also fails to state a § 1983 claim against Ms. Yarnell because, in her capacity as a guardian ad litem, she is "not a state actor proceeding under color of state law for purposes of § 1983." *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (citing *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986)); *see also Meeker*, 782 F.2d at 155 (holding that a guardian ad litem "is a fiduciary who must act in the minor's best interest" and thus "owes his or her undivided loyalty to the minor, not the state" (citations and internal quotation marks omitted)).

If a private actor conspires with state actors to violate a plaintiff's constitutional rights, she may subject herself to § 1983 liability.  *Fuller*, 594 F. App'x at 939.  But plaintiff's proposed Amended Complaint does not assert that Ms. Yarnell conspired with state actors.  It contains general, conclusory allegations that Ms. Gorski "used State Agencies to conspire a campaign of extortion against [him]" and that "[r]epresentatives and agencies conspired and intentionally violated Plaintiff's rights to his children."  Doc. 24-1 at 4.  These conspiracy allegations fail to state a claim against Ms. Yarnell, specifically.  And, even if they mustered such a claim, plaintiff's conclusory allegations of a conspiracy are insufficient to state a § 1983 claim against Ms. Yarnell.  *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (affirming Rule

12(b)(6) dismissal of conclusory allegations of conspiracy with state actors because they were insufficient to state a § 1983 claim against a private defendant).

### c.   42 U.S.C. § 1985

Section 1985 prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  A conspiracy claim under § 1985 "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010) (citations omitted).  Mere conclusory allegations of conspiracy are insufficient to state a valid claim under § 1985.  *Hogan v. Winder*, 762 F.3d 1096, 1114 (10th Cir. 2014).

Plaintiff's proposed Amended Complaint asserts purely conclusory allegations that fail to state a plausible claim under § 1985.  While he accuses state agencies of conspiring against him, generally, he pleads no facts demonstrating a meeting of the minds, an agreement among defendants, or a general conspiratorial objective.  Plaintiff's proposed § 1985 claim thus fails to state a plausible claim for relief, and his proposed amendment is futile.

### d.   18 U.S.C. § 242

Plaintiff asserts that Olathe violated 18 U.S.C. § 242 because the Olathe Police Department refused to accept plaintiff's statements or investigate false allegations.  Doc. 24-1 at 6.  Section 242 is a criminal statute that provides no private civil cause of action.  *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002).  Thus, plaintiff's proposed claims under 18 U.S.C. § 242 fail to state a claim for relief.  *See id.* (affirming district court's

dismissal under Rule 12(b)(6) of plaintiff's claims arising under 18 U.S.C. §§ 241–42).  His

proposed amendment to include a claim for violation of this statute is futile.

### e.   Kan. Stat. Ann. § 22-4610

Plaintiff cites Kan. Stat. Ann § 22-4610 in his proposed Amended Complaint.  That

statute requires law enforcement agencies in Kansas to "adopt a detailed, written policy to

preempt racial or other biased-based policing."  It also requires that the policies include

"[p]olicies for discipline of law enforcement officers who engage in racial or other biased-based

policing" and "[p]rocedures for individuals to file complaints of racial or other biased-based

policing with the agency, which, if appropriate, may provide for use of current procedures for

addressing such complaints."  *Id.* § 22-4610(c)(4), (c)(7).  The statute contains no private right to

assert a civil cause of action.  *Id.*

Instead, Kan. Stat. Ann. § 22-4611(a) provides that "[a]ny person who believes such

person has been subjected to racial or other biased-based policing by a law enforcement officer

or agency may file a complaint with the law enforcement agency . . . [or] the office of the

attorney general."  After the complaint's disposition under the procedures described in

subsection (a) of the statute, the complainant "shall have a civil cause of action in the district

court against the law enforcement officer or law enforcement agency."  *Id.* § 22-4611(c).

Here, plaintiff's proposed Amended Complaint does not allege that he has satisfied the

condition precedent to asserting a cause of action under Kansas law for biased-based policing.

He does not assert that he has filed a complaint with the law enforcement agency or the attorney

general's office.  He also does not allege that he has made a complaint that has exhausted the

statute's disposition requirements to confer a private right of action.  Without these allegations,

plaintiff fails to state a claim against Olathe for bias-based policing under Kansas law.

#### f.   Kan. Stat. Ann. § 21-5601 and § 21-6102

Plaintiff's proposed Amended Complaint also cites two Kansas criminal statutes, Kan. Stat. Ann. § 21-5601 and § 21-6102.  Kan. Stat. Ann. § 21-5601 makes endangerment of a child a class A misdemeanor.  Kan. Stat. Ann. § 21-6102 makes it illegal to deny a person's civil rights, establishing a class A nonperson misdemeanor.  Neither statute states that a litigant may assert a private civil cause of action under these criminal statutes.  And plaintiff fails to show that the Kansas legislature intended to include a private right of action when it enacted these criminal statutes.

Generally, a private litigant "has no authority to initiate a criminal action, and alleged violations of a criminal statute do not give rise to a private right of action."  *Foster v. Langdon*, No. 12-3213-SAC, 2012 WL 4933446, at *1 n.4 (D. Kan. Oct. 16, 2012); *see also Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1128 (D. Kan. 2000) (dismissing plaintiff's claims for violation of Kansas criminal statutes because plaintiff "does not show that the legislature intended to grant him a private cause of action for the violations of the citied criminal statutes").  Plaintiff's proposed Amended Complaint thus fails to state claims for violations of Kan. Stat. Ann. § 21-5601 and § 21-6102.  His proposed amendments to include such claims are futile.

#### g.   Kan. Stat. Ann. § 38-2201 and § 38-2205

Plaintiff's proposed Amended Complaint cites two Kansas statutes from the revised Kansas code for care of children, Kan. Stat. Ann. § 38-2201 and § 38-2205.  Kan. Stat. Ann. § 38-2201 describes how to cite and construe the code.  Kan. Stat. Ann. § 38-2205 explains the rights to counsel in proceedings under the code, including the appointment and duties of a guardian ad litem.  These statutes contain no private right to assert a civil cause of action. Plaintiff fails to state a valid claim for relief under these two Kansas statutes.

### h. Negligence

Plaintiff's proposed Amended Complaint appears to assert state law negligence claims against Olathe.  Plaintiff alleges that Olathe was negligent "by allowing Layne Project to submit discriminatory and bias[ed] documents to the Court of Law" and "by not abiding by statutory basis by DCFS ordinances."  Doc. 24-1 at 5.  Plaintiff also asserts that Olathe "failed to protect Plaintiff as a citizen from threat of danger and false allegations, while hiding and protecting a citizen [who] is a convicted felon, [who] continues to commit crimes."  *Id.*

Olathe asserts that plaintiff has no standing to assert such negligence claims because he has failed to plead and comply with the requirements of Kan. Stat. Ann. § 12-105b, a condition precedent to filing tort claims against a municipality.  Kan. Stat. Ann. § 12-105b requires a person bringing a claim against a municipality to "provide that municipality with prior written notice of the claim."  *Whaley v. Sharp*, 343 P.3d 63, 66 (Kan. 2014) (citations omitted).  Not only must a plaintiff comply with the provisions of the statute, but Kan. Stat. Ann. § 60–209(c) also requires a plaintiff to plead the performance of this notice condition.  *Huehl v. Bd. of Cty. Comm'rs of Cty. of Lincoln*, No. 107,907, 2013 WL 1729259, at *2 (Kan. Ct. App. Apr. 19, 2013).  "The filing of a proper notice is a prerequisite to the filing of an action in district court," and if it is not met, "the court cannot obtain jurisdiction over the municipality."  *Dodge City Implement, Inc. v. Bd. of Cty. Comm'rs of Cty. of Barber*, 205 P.3d 1265, 1281 (Kan. 2009).  Here, plaintiff has failed to comply with this pleading requirement under Kan. Stat. Ann. § 12-105b.  The court thus lacks jurisdiction over plaintiff's negligence claim against Olathe.

But, even if plaintiff had satisfied the requirements of Kan. Stat. Ann. § 12-105b, plaintiff's proposed Amended Complaint fails to allege sufficient facts to state a negligence claim under Kansas law.  In Kansas, a negligence claim requires:  (1) the existence of a duty,

(2) breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury sustained. *Smith v. Kan. Gas Serv. Co.*, 169 P.3d 1052, 1057 (Kan. 2007) (quoting *Schmidt v. HTG, Inc.*, 961 P.2d 677, 693 (Kan. 1998)). Plaintiff fails to assert facts establishing any of these four elements. He does not allege that any defendant owed a duty to him, that it breached that duty, or that a breach of duty caused him injury. Without sufficient facts, plaintiff fails to state a plausible negligence claim under Kansas law. His proposed amendments are futile.

### i.   Punitive Damages

Plaintiff's proposed Amended Complaint asserts a claim for punitive damages against Olathe in the amount of $350,000. Doc. 24-1 at 12. Municipalities are not liable for punitive damages in a § 1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, to the extent plaintiff could state a plausible § 1983 claim against Olathe, his punitive damages claim fails to state a claim for relief. His proposed amendment thus is futile.

### C.   Conclusion

For all these reasons, plaintiff's proposed Amended Complaint fails to state plausible claims against Olathe and Ms. Yarnell. His proposed Amended Complaint would not survive a motion to dismiss under Rule 12(b)(6), and thus his proposed amendments are futile. The court does not wish to deny plaintiff his day in court, however, if he can assert actionable claims against defendants. Thus, the court allows plaintiff one final opportunity to file an Amended Complaint—one that addresses all of the concerns raised by the court in this Order. Specifically, plaintiff must plead *facts*—and not just conclusions—to state plausible claims and cure the deficiencies identified above. And, in so doing, plaintiff must comply with Rule 11(b)(3)'s requirements. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written

motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). The court also cautions plaintiff: It anticipates granting no further motions for leave to file an Amended Complaint in this case. **Plaintiff must file any revised Amended Complaint, designed to address the deficiencies outlined by this Order, no later than 30 days from the date of this Order.**

## II.     Defendants Olathe, Layne Project, KVC Kansas, and Ashlyn Yarnell's Motions to Dismiss (Docs. 5, 13, 20)

Because the court grants plaintiff leave to file an Amended Complaint that corrects the pleading deficiencies identified in this Memorandum and Order, defendants Olathe, Layne Project, KVC Kansas, and Ashlyn Yarnell's Motions to Dismiss (Docs. 5, 13, 20) are denied without prejudice because they are moot. These defendants may reassert their dismissal arguments if plaintiff files an Amended Complaint that fails to comply with the court's directives.

## III.     Defendant SAFEHOME, Inc.'s Motion to Dismiss (Doc. 45)

Plaintiff's Complaint names "Safe Home of Kansas" as a defendant. *See generally* Doc. 1. Plaintiff describes this entity as a shelter for domestic violence victims. *See* Doc. 47 at 1. On February 13, 2016, plaintiff sent the summons by certified mail to "Safe Home" at 8500 Santa Fe Drive in Overland Park, Kansas. *See* Doc. 8. Plaintiff filed the return on February 18, 2016, showing executed service. *Id.* But then, on March 22, 2016, plaintiff filed a return showing unexecuted service on "Safe Home." Doc. 23. The Clerk issued an Alias Summons for "Safe Home" at a different address, and plaintiff sent that summons by certified mail to "Safe Home"

14

at P.O. Box 4563, Overland Park, Kansas, 66204.  Doc. 25.  Plaintiff filed the return on April 6,

2016, showing executed service on "Safe Home."  *Id.*  The return receipt for the certificate of

service shows that plaintiff mailed the summons to:  "Safe Home, Attn:  Janee Hanzlick, P.O.

Box 4563, Overland Park, KS 66204."  Doc. 25-1.

On April 20, 2016, a law firm entered its appearance on behalf of "Safe Home of Kansas"

and sought an extension of time to respond to plaintiff's Complaint.  Docs. 36, 37.  The court

granted that request.  Doc. 39.  On May 3, 2016, the same law firm filed a Motion to Dismiss

(Doc. 45) on behalf of an entity identified as SAFEHOME, Inc. ("SAFEHOME").  SAFEHOME

moves to dismiss under Rule 12(b)(5) claiming insufficient service of process.[7]  Doc. 45.

SAFEHOME contends that plaintiff's service on "Safe Home" is insufficient service of process

because no legal entity with that name exists.  SAFEHOME also contends that the defendant

identified in plaintiff's Complaint—"Safe Home of Kansas"—does not exist.

Rule 4 governs service of process in federal actions.  *Omni Capital Int'l, Ltd. v. Rudolf

Wolff & Co.*, 484 U.S. 97, 104 (1987).  The personal service requirements of this rule "serve[ ]

two purposes:  notifying a defendant of the commencement of an action against him and

providing a ritual that marks the court's assertion of jurisdiction over the lawsuit."  *Okla. Radio

Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) (citations omitted).  "Rule 4 service of

process provides the mechanism by which a court having venue and jurisdiction over the subject

matter of an action asserts jurisdiction over the person of the party served."  *Id.* (citing *Omni

Capital Int'l*, 484 U.S. at 104 (further citations omitted)).

"A federal court lacks personal jurisdiction over a defendant if service of process is

insufficient under Rule 4."  *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL

_____

[7]      Initially, SAFEHOME filed a Motion for Joinder in KVC's Motion to Dismiss (Doc. 38).  But
later, SAFEHOME filed a Motion to Withdraw Motion for Joinder (Doc. 44).  The court grants
SAFEHOME's Motion to Withdraw (Doc.44), and denies its Motion for Joinder (Doc. 38) as moot.

6739595, at *1 (D. Kan. Dec. 22, 2011) (citation omitted).  Motions to dismiss under Rule 12(b)(2) and 12(b)(5) thus go hand-in-hand.  A Rule 12(b)(5) motion to dismiss based on insufficient service of process "challenges the mode or lack of delivery of a summons and complaint."  *Oltremari by McDaniel v. Kan. Soc. & Rehabilitative Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citations and internal quotation marks omitted).  When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that he served process properly.  *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citation omitted).  When considering whether service was sufficient, a court may consider any "affidavits and other documentary evidence" submitted by the parties and must resolve any "factual doubt" in the plaintiff's favor.  *Id.* (citation omitted).

Rule 4(h) governs service of process on corporations.  Under Rule 4(h)(1), plaintiff may effect service on a corporation under the methods prescribed by Kansas law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute to receive service and the statute so requires—by also mailing a copy to the defendant."  Fed. R. Civ. P. 4(h)(1).  Kansas law allows a party to serve a corporation by "serving an officer, manager, partner or a resident, managing or general agent."  Kan. Stat. Ann. § 60-304(e)(1).  "Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business."  *Id.* § 60-304(e).

Here, plaintiff served SAFEHOME by certified mail.  He addressed the mailing to:  "Safe Home, Attn:  Janee Hanzlick, P.O. Box 4563, Overland Park, KS 66204."  Doc. 25-1.  In support of its motion to dismiss, SAFEHOME has submitted an affidavit signed by Janee M. Hanzlick.  Doc. 46-1.  She states that she is the President/CEO of SAFEHOME, a non-profit corporation.

*Id.*  Also, according to the records of the Kansas Secretary of State, SAFEHOME is a Kansas corporation whose registered agent is Janee Hanzlick.[8]  The Kansas Secretary of State's records also show that SAFEHOME's current registered office is 10955 Lowell Avenue, Suite 400, Attn: Jason Purinton, Overland Park, Kansas 66210, and its current mailing address is P.O. Box 4563, Overland Park, KS 66204-0563.

Under these facts, plaintiff properly served SAFEHOME.  Plaintiff served an officer of the corporation by addressing the certified mailing to Ms. Hanzlick, the corporation's President/CEO.  He sent the mailing to an address identified as the current mailing address for SAFEHOME on the Secretary of State's website.  SAFEHOME does not refute that this address is Ms. Hanzlick's "usual place of business," as Kan. Stat. Ann. § 60-304(e) requires.  Nor does SAFEHOME dispute that it received notice of this lawsuit.

Instead, SAFEHOME's challenge to service only consists of plaintiff's errant naming of SAFEHOME in the Complaint and summons.  SAFEHOME's argument presents nothing more than a technical error.  It is not well-founded.  Our court has made clear that "[a] misnomer is not fatal when it is sufficiently close to the corporation's true name as to distinguish it from other corporations."  *Brackens v. USA Credit*, 233 F.R.D. 613, 615 (D. Kan. 2005) (quoting 19 Am. Jur. 2d *Corporations*, § 1919 (May 2005)); *see also United States v. A.H. Fischer Lumber Co., Inc.*, 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons, . . . or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled."); *id.* ("A suit at law is not a children's game but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court.  If it names them in such terms that every intelligent person understands

---

[8]      The Court may take judicial notice of information filed with the Secretary of State.  *See JP Morgan Tr. Co., Nat'l Ass'n v. Mid–Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (explaining that courts routinely take judicial notice of documents filed with Secretary of State).

who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.").

In similar cases, courts have refused to dismiss lawsuits for insufficient service of process when the plaintiff has misidentified the defendant's name and made merely a technical error that results in no prejudice or lack of notice to the defendant.  *See, e.g.*, *Brackens*, 233 F.R.D. at 615 (holding that plaintiff served defendants properly even though the process and complaint named one defendant as "USA Shopping Market" when its correct name was "USA Shopping Club" and the other defendant as "USA Credit, Inc." when the correct name was simply "USA Credit" because "[a]ny reasonable person in the position of the defendants, when presented with the summons and complaint, would have understood that suit was being brought against these defendants, the minuscule differences in corporate names notwithstanding"); *OpenLCR.com, Inc. v. Rates Tech., Inc.*, 112 F. Supp. 2d 1223, 1230 (D. Colo. 2000) (denying motion to dismiss for insufficient service of process because plaintiff's misidentification of defendant "was a mere technical error that resulted in no prejudice").

Plaintiff's misidentification here in the summons and Complaint is merely a technical error that does not require dismissal.  SAFEHOME has sustained no prejudice here. SAFEHOME was served properly, and it received notice of the lawsuit.  Instead of dismissing this lawsuit against SAFEHOME on a technicality, the court allows plaintiff to amend the Complaint under Fed. R. Civ. P. 15(c) to identify SAFEHOME by its correct name.

## IV.    Conclusion

For the reasons explained above, the court grants in part and denies in part plaintiff's Motion for Leave to Amend the Complaint (Doc. 24).  Plaintiff may file a revised Amended Complaint that alleges facts correcting the deficiencies identified in this Memorandum and Order

within 30 days.  Plaintiff may make such allegations, of course, only if he can do so under the

standard imposed on him by Rule 11(b)(3) of the Federal Rules of Civil Procedure.  Fed. R. Civ.

P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney

or unrepresented party certifies that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions

have evidentiary support or, if specifically so identified, will likely have evidentiary support after

a reasonable opportunity for further investigation or discovery").

   The court denies without prejudice defendants Olathe, Layne Project, KVC Kansas, and

Ashlyn Yarnell's Motions to Dismiss because they are moot.  The court also denies defendant

SAFEHOME's Motion to Dismiss based on insufficient service of process.  The court disposes

of the remaining pending motions in the case as outlined in the paragraphs below.

   **IT IS THEREFORE ORDERED BY THE COURT THAT** defendants City of Olathe,

Layne Project,[9] KVC Kansas, and Ashlyn Yarnell's Motions to Dismiss (Doc. 5, 13, 20) are

denied without prejudice as moot.

   **IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Amend the

Complaint (Doc. 24) is granted in part and denied in part.  The court denies plaintiff leave to file

his proposed Amended Complaint (Doc. 24-1), but grants plaintiff leave to file a revised

Amended Complaint—one that complies with the court's directives in this Order—**within 30**

**days of the date of this Order.**

   **IT IS FURTHERED ORDERED THAT** defendant SAMEHOME, Inc.'s Motion to

Dismiss (Doc. 45) is denied.

---

[9]     As noted above, Layne Project filed a Notice of Joinder (Doc. 16) in defendant KVC Kansas'
Motion to Dismiss (Doc. 5).

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to File a Surreply to defendant City of Olathe's Motion to Dismiss (Doc. 32) and Motion for Leave to File a Surreply to defendant KVC's Motion to Dismiss (Doc. 33) are denied as moot.

**IT IS FURTHER ORDERED THAT** defendant City of Olathe's Motion to Strike Plaintiff's Surreply (Doc. 34) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant SAFEHOME Inc.'s Motion to Withdraw Motion for Joinder (Doc. 44) is granted and defendant SAFEHOME Inc.'s Motion for Joinder in Defendant KVC Kansas' Motion to Dismiss (Doc. 38) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant Ashlyn Yarnell's Motion to Join Defendant City of Olathe's Response to Plaintiff's Motion to Amend Complaint (Doc. 42) is granted.

**IT IS SO ORDERED.**

**Dated this 13th day of September, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**_____
**Daniel D. Crabtree**
**United States District Judge**
